# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA REEDUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 09-07464 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　Sheila Reedus filed this action on October 21, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on November 23 and December 3, 2009. (Dkt. Nos. 8, 9.) On July 2, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

　　　Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On September 11, 2007, Reedus filed an application for disability and disability insurance benefits. Administrative Record ("AR") 7. Reedus alleged a disability onset date of September 1, 2003. *Id.* The application was denied initially. AR 7, 50-54. Reedus requested a hearing before an Administrative Law Judge ("ALJ"). AR 55-56. On November 13, 2008, the ALJ conducted a hearing at which Reedus, a lay witness, and a vocational expert testified. AR 15-48. On May 27, 2009, the ALJ issued a decision denying benefits. AR 4-11. On June 30, 2009, Reedus requested that the Appeals Council review the decision denying benefits. AR 12. On August 25, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Reedus last met the insured status requirements on September 30, 2003, the date she was last insured. AR 9.

Reedus had the medically determinable impairment of viral syndrome. AR 9. The ALJ found that through September 30, 2003, Reedus did not have an impairment or combination of impairments that significantly limited her ability to perform basic work related activities for 12 consecutive months. *Id.* The ALJ therefore concluded that Reedus did not have a severe impairment or combination of impairments. *Id.*

### C. Existence of Severe Impairment

Reedus argues that the ALJ erred in failing to find that she had the severe impairments of carpal tunnel syndrome and parasthesis of the toes and hands. JS 14.

At step two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration

requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[1] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and quotation marks omitted).

---

[1] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 n.6 (citation and quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

4

The ALJ found that, through the date last insured of September 30, 2003, Reedus "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." AR 9.

Reedus argues that she was diagnosed with carpal tunnel syndrome before her date last insured of September 30, 2003. The medical records note carpal tunnel syndrome on April 1, 2003 and July 10, 2003. AR 678-679. There is no indication in the medical records of any functional limitation associated with Reedus' mild carpal tunnel syndrome, and certainly no limitation of 12 months' duration. An examining physician's evaluation on January 26, 2009 found normal range of motion in the shoulders, elbows and wrists. Grip strength was 5/5 in both hands. AR 921-922. The accompanying medical source statement of ability to do work-related activities (physical) found no functional limitations attributed to carpal tunnel syndrome.[2] AR 925, 927, 929. Moreover, Reedus' subjective testimony did not describe any symptoms associated with carpal tunnel syndrome. The ALJ did not err in failing to identify carpal tunnel syndrome as a severe impairment at step two of the sequential analysis.

There is no medical evidence of parasthesias of the feet or hands prior to the date last insured of September 30, 2003. AR 11. The medical records in 2006 indicate that, at about the end of 2004, Reedus reported beginning to lose sensation in her feet up to the mid lower legs and in her fingers to her upper forearms; intermittent loss of consciousness; decreased balance, and stumbling. AR 453, 463. In January 2005, Reedus reported parasthesias in the tips of her feet and both thumbs for about two weeks. AR 724. She was referred to a

---

[2] The ALJ rejected the functional limitations in the January 26, 2009 assessment because there was no evidence that the findings related back to the period prior to the date last insured. AR 10.

5

neurologist. *Id.* In March 2005, the neurologist reports Reedus as stating she had never had similar symptoms in the past. AR 658. The motor examination showed normal muscle tone with 5/5 strength throughout. Reedus had decreased sensation in both feet to about mid calf, and decreased pinprick sensation in the right hand. AR 659.[3]

Reedus concedes that the first indication of parasthesias in the medical records occurred in early 2005. JS 14. Nevertheless, Reedus argues that a severe impairment can be established by her testimony that her symptoms dated back to the period before her date last insured. *Id.* Reedus testified that she left her job as a merchant bank teller in 2000 or 2001 because she could no longer carry cash to and from the drawer and she was falling a lot. AR 21-22. She described having the same symptoms as of the date of the hearing. AR 22. However, subjective symptoms alone cannot establish an impairment during the relevant time period at step two. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005); Social Security Ruling 96-4p. The ALJ did not err.

### D. **Credibility**

Reedus also contends that the ALJ failed to properly consider her subjective symptoms. JS 7, 14.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that

---

[3] In August 2006, there is no indication of sensory loss in the hands. Muscle tone is normal with 5/5 strength in the upper extremities. AR 454. The July 2006 medical records indicate mild right carpal tunnel syndrome. AR 465.

6

Reedus' medically determinable impairment could reasonably be expected to produce the alleged symptoms. AR 10.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ did not find malingering, but found that Reedus' statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments. AR 10. The ALJ found that Reedus did not obtain treatment for her alleged symptoms during the period from the alleged onset date of September 1, 2003 through the date last insured of September 30, 2003. AR 11.

An ALJ may rely on an unexplained failure to seek treatment in order to discount a claimant's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). As discussed above, the medical records do not contain any evidence that Reedus sought treatment for loss of feeling in her hands and feet, or loss of balance prior to her date last insured of September 30, 2003. On the contrary, the medical records indicate Reedus reported that those symptoms began about the end of 2004.[4] AR 453, 463.

---

[4] Reedus testified she did not go forward with surgery for her carpal tunnel syndrome in 2003 because she had other health issues that required surgery, namely, a hysterectomy (1996) and removal of her ovaries in 2007, and she had to choose. AR 26, 148. The two surgeries, however, occurred years before and after her diagnosis of carpal tunnel syndrome in 2003.

7

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999)).

### E.  Lay Witness Testimony

Reedus also contends that the ALJ erred in failing to consider lay witness testimony from her husband. JS 3-4.

"When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted). Further, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). The Commissioner correctly concedes the ALJ did not mention Mr. Reedus' testimony but argues that any error is harmless. JS 5.

Mr. Reedus' testimony did not address the period before the date last insured. At the hearing on November 13, 2008, Mr. Reedus testified that he was familiar with his wife's pain, particularly the lower extremities, "from observation over the years, as well as I take her to and from doctor appointments." AR 38. Mr. Reedus said he could not testify as to the severity of her pain, but he has seen her "wince at times" and "appear to lose her balance" albeit "[i]nfrequently." AR 38-39. She did not appear to have a problem sitting. AR 39. Mr. Reedus testified that she has current problems gripping objects. AR 40-41.

Accordingly, any error in failing to mention his testimony was harmless. No reasonable ALJ could have reached a different disability determination even considering Mr. Reedus' testimony. *Stout*, 454 F.3d at 1056.

8

# IV.
# **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 8, 2011

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge